FILED
CLERK

4:27 pm, Sep 14, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

NORTH SHORE WINDOW & DOOR, INC.,

              Plaintiff,

      v.

ANDERSEN CORPORATION and
FENETRES MQ INC.,

              Defendants.

-----------------------------------------------------------X

**ORDER**

19-CV-06194 (ENV) (LGD)

**LEE G. DUNST**, Magistrate Judge:

      Presently before the Court is DE 52, the parties' dispute over the scope of topics to be addressed at an upcoming deposition to be taken under Rule 30(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth herein, the Court GRANTS Defendants' motion to prohibit questioning on Topic No. 5 at the Rule 30(b)(6) deposition of Defendant Fenetres MQ Inc. ("MQ").

**BACKGROUND**

      On July 19, 2022, the Court granted Plaintiff's motion at DE 45 to conduct two additional depositions pursuant to Rule 30(b)(6) in excess of the ten presumptive depositions permitted under Rule 30(a)(2) of the Federal Rules of Civil Procedure. *See* DE 49. During the course of the motion conference preceding the Court's ruling on DE 45, Plaintiff orally represented that it intended to use the Rule 30(b)(6) depositions to get "specific information" and address "specific needs to cover gaps in testimony" from other depositions. Further, Plaintiff repeatedly represented during the July 19, 2022 conference that the Rule 30(b)(6) depositions would serve as "clean-up" at the conclusion of the other depositions being conducted in this case. In granting Plaintiff's request to conduct the two requested Rule 30(b)(6) depositions, the Court directed the

1

parties to meet and confer among themselves regarding the topics to be addressed at the depositions and endeavor to limit the scope to "clean-up," as represented by Plaintiff repeatedly during the motion conference.

As set forth in the parties joint letter at DE 52, they have met and conferred successfully in narrowing the topics being addressed at these Rule 30(b)(6) depositions, with the exception of Topic No. 5 in Plaintiff's Rule 30(b)(6) notice to Defendant Fenetres MQ Inc. which seeks testimony regarding "[A]ll lost sales, lost potential sales, lost opportunities, damaged business relationships, or harm to reputation caused by problems associated with MQ Product quality, product performance, delays (e.g., quoting, preparing shop drawings, manufacturing / backlog), product condition, service, and/or lead times, and all Communications relating thereto." DE 52, Ex. A.  The original Rule 30(b)(6) notice to MQ contains no date limitation for Topic No. 5, but Plaintiff later proposed to Defendants a willingness to "limit the date range from 2015 to the present." DE 52, Ex. B.  Further, during the meet and confer process, Defendants proposed limiting Topic No. 5 to specific "projects, opportunities, or relationships that North Shore plans to ask a witness about" in order to ensure that the MQ Rule 30(b)(6) witness could be prepared, but Plaintiff rejected that offer.  DE 52, Ex. B.  The deposition of the MQ Rule 30(b)(6) witness is scheduled to be conducted on September 16, 2022, and Defendants are moving in DE 52 for a protective order from the Court seeking to prohibit or limit questioning as to Topic No. 5.

## ANALYSIS

The Court hereby **GRANTS** Defendants' motion to prohibit questioning on Topic No. 5 at the September 16, 2022 deposition of the MQ Rule 30(b)(6) witness.  The Court has the discretion to limit discovery or issue a protective order if necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1);

2

*see, e.g., Fung-Schwartz v. Cerner Corp.,* No. 17-CV-233, 2020 WL 5253224, at *1 (S.D.N.Y. Sept. 2, 2020). In evaluating a Rule 30(b)(6) notice of deposition, the Court may consider whether the topics are "proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'" *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n,* No. 14-CV-9371, 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017) (citation omitted); *see, e.g., Kemp v. CSX Transportation,* No. 19-CV-612, 2020 WL 8461515, at *1 (N.D.N.Y. Oct. 23, 2020) ("As with other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26 - deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'") (citation omitted). "Reasonable particularity means that the noticing party must describe the noticed topics with painstaking specificity as to subject areas that are relevant to the dispute at issue." *DDK Hotels, LLC v. Williams-Sonoma, Inc.,* No. 19-CV-226, 2022 WL 2702378, at *2 (E.D.N.Y. Feb. 11, 2022) (citations omitted). The court may strike the Rule 30(b)(6) notices, for example, when the topics "are so overly broad as to make it impossible for the responding party to prepare its witness." *Id.*

Plaintiff's Topic No. 5 runs afoul of Rule 30(b)(6). The terms in Plaintiff's Topic No. 5 fail the "reasonable particularity" standard by lacking sufficient specificity and using vague and overly broad terms. Further, the unlimited time period initially proposed for Topic No. 5, as well as Plaintiff's subsequent offer to limit the topic to a seven-year time period, is similarly overly broad and burdensome. According to DE 52, Plaintiffs rejected meet and confer entreaties from Defendants to limit the subject matter of Topic No. 5 and argue that this topic is reasonable because it was similar to Defendants' Rule 30(b)(6) notice to Plaintiff. However, there is nothing in the record to suggest that Plaintiff ever objected to Defendants' Rule 30(b)(6) notice

or sought the Court's intervention to limit the scope of that request.

The overly broad and burdensome request in Topic No. 5 also is at odds with Plaintiff's earlier statements to the Court during the July 19, 2022 motion conference. In seeking to exceed the presumptive ten deposition limit in Rule 30(a)(2), Plaintiff told the Court that these Rule 30(b)(6) depositions would be "clean-up" from other depositions and would focus on "specific information." However, the overly broad and burdensome request in Topic No. 5 is inconsistent with Plaintiff's prior commitment to the Court about the targeted nature of the Rule 30(b)(6) deposition. As such, the Court is not going to permit Plaintiff to inquire on Topic No. 5 at the MQ Rule 30(b)(6) deposition.

For the reasons set forth above, Defendants' motion for a protective order at DE 52 is **GRANTED**.

Dated: Central Islip, New York
September 14, 2022

**SO ORDERED**:

/S/ Lee G. Dunst
LEE G. DUNST
UNITED STATES MAGISTRATE JUDGE